| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| MONTY SHELTON, § <br>    Plaintiff, § <br> *versus* § <br> UNIT COUNSELOR LEON, *et al.*, § <br>    Defendants. § | CIVIL ACTION NO. 1:06-CV-344 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Monty Shelton, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this lawsuit against Unit Counselor Leon, Code Treatment Specialist Mattis, Code Treatment Specialist Powdrill, and Unit Manager Comstock.

A memorandum order and final judgment were entered, granting the defendants' motion for summary judgment and dismissing the lawsuit. Plaintiff filed a motion for reconsideration. The motion was granted to allow consideration of plaintiff's objections to the report of the magistrate judge which were received one day after the final judgment was entered. After consideration of plaintiff's objections, the court now withdraws its prior order (#52) and substitutes the following.

### Analysis

FED. R. CIV. P. 59 provides in pertinent part the following:

**(a)(1) *Grounds for New Trial*.** The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

 **(A)**   after a jury trial, for any of reason for which a new trial has heretofore been granted in an action at law in federal court; or

 **(B)**   after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

**(2) *Further Action After a Nonjury Trial*.** After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

>    **(b) Time to File a Motion for a New Trial.** A motion for a new trial must be filed no later than 28 days after the entry of judgment.
>
>    **(e) Motion to Alter or Amend Judgment**. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Plaintiff's motion was filed within 28 days of entry of the judgment. Accordingly, plaintiff's motion is liberally construed as a motion pursuant to Rule 59.

A *de novo* review of the objections in relation to the pleadings and the applicable law has been conducted. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes plaintiff's objections should be overruled. For the reasons stated in the relevant report by the magistrate judge, plaintiff's claims should be dismissed.

Administrative remedies must be exhausted regardless of the type of relief sought in the lawsuit and regardless of whether the particular type of relief sought is available through the applicable grievance process. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The proper exhaustion of administrative remedies is necessary. *See Woodford v. Ngo*, 548 U.S. 81, 84, 126 S.Ct. 2378, 2382 (2006). Proper exhaustion does not include "untimely or otherwise procedurally defective administrative grievance[s] or appeal[s]." *Id*. at 83. The relevant statutory provision "plainly requires that administrative remedies be exhausted before the filing of a … suit, rather than while the action is pending." *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998).

Plaintiff asserts that genuine issues of material fact exist precluding summary judgment. Plaintiff, however, has failed to provide competent summary judgment evidence that he exhausted the available administrative remedies. In his original complaint, submitted under the penalty of perjury, plaintiff concedes he did not exhaust administrative remedies, and explains he did not exhaust because "[t]his is a *Bivens* claim." Complaints and other submissions to the court that are not made under the penalty of perjury are not considered competent summary-judgment evidence. *DirectTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005); *Nissho-Iwai Am. Corp. v. Kline*,

845 F.2d 1300, 1306 (5th Cir. 1988). Accordingly, the defendants' motion for summary judgment should be granted.

Plaintiff requests that the court's dismissal of this action be without prejudice if his motion for reconsideration is denied. After due consideration, the court is of the opinion plaintiff's request should be granted.

### ORDER

After careful consideration of plaintiff's motion, the court is of the opinion that plaintiff's objections fail to set forth a meritorious ground warranting relief from the judgment. It is therefore,

**ORDERED** that plaintiff's motion for reconsideration is **GRANTED** to the extent plaintiff requests the dismissal be without prejudice. It is further

**ORDERED** that plaintiff's objections are **OVERRULED** and the motion for reconsideration is **DENIED** in all other respects. An amended final judgment will be entered in accordance with this opinion.

SIGNED at Beaumont, Texas, this 24th day of February, 2012.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE